**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT WASHINGTON,** | : | |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **CIVL ACTION NO. 20-CV-690** |
| | : | |
| **STATE MUNICIPALITY** | : | |
| **PHILADELPHIA CITY,** *et al.*, | : | |
| *Defendants* | : | |

**MEMORANDUM**

**QUIÑONES ALEJANDRO, J.**                                        **APRIL 21, 2020**

Plaintiff Robert Washington ("Washington"), proceeding *pro se*, commenced this civil rights action pursuant to 28 U.S.C. §1983 against individuals and governmental entities, and asserts constitutional and state law claims based on his 2003 arrest and interrogation, and his 2004 conviction following a guilty plea to numerous charges.  (ECF No. 1.)  Presently before the Court is Washington's complaint and a motion for leave to proceed *in forma pauperis*.  (ECF Nos. 1, 5)  For the reasons set forth, this Court will dismiss his complaint pursuant to 28 U.S.C. § 1915A and deny his motion for leave to proceed *in forma pauperis* as moot.

**I.      FACTUAL ALLEGATIONS[1]**

Washington, who is currently incarcerated at SCI-Greene, commenced this action against the Attorney General of Pennsylvania, the Philadelphia District Attorney, the City of Philadelphia, and Detectives Rocks and Edwards J.  (ECF No. 1 at 2.)[2]  According to the complaint, which is noticeably short on facts, on November 4, 2003, Washington was taken into custody and charged

---

[1] The allegations set forth in this Memorandum are taken from Washington's complaint.

[2] The Court adopts the pagination assigned by the CM/ECF docketing system.

with, *inter alia*, murder, attempted murder, and robbery, allegedly pursuant to a fraudulently obtained arrest warrant which the individual defendants relied on to effectuate the arrest. (*Id.* at 5). Washington further alleges that immediately following his arrest, he was interrogated without the benefit of counsel or the presence of a legal guardian, even though he was a minor at the time. (*Id.*) Additionally, Washington alleges that, on October 12, 2004, appointed counsel advised him to enter a guilty plea to all of the charges against him, and that he did so without understanding his rights. (*Id.*)

Based on the foregoing, Washington purports to state claims under the Fourth Amendment for illegal search and seizure without a valid arrest warrant, under the Fifth Amendment for illegal interrogation of a minor in the absence of legal representation or a guardian, and under the Sixth Amendment for the denial of representation during interrogation. (*Id.* at 4) He also seeks to assert unspecified claims under the Eighth and Fourteenth Amendments, and state law tort claims for false imprisonment, malicious prosecution, libel, and slander. (*Id.*) He also claims that the trial court lacked subject matter jurisdiction. (*Id.*)

Washington requests that this Court enter a declaratory judgment explaining how his legal rights have been violated, and explaining the obligation of prison officials to release him. He demands that the City of Philadelphia, its Police Department and the individual defendants pay compensatory damages of $17.17 million for false imprisonment. (*Id.* at 6) Additionally, he demands payment of $500,000 in punitive damages by the Philadelphia Police Department and the individual defendants for the warrantless arrest, due process violations, malicious prosecution, false imprisonment, libel, and slander. (*Id.* at 7)

This Court notes that Washington previously–and unsuccessfully–pursued a strikingly similar action. *See Washington v. Philadelphia Police Dep't.*, Civ. A. No. 13-897. There, based

upon the same circumstances surrounding his arrest, interrogation, and guilty plea that give rise to the instant claims, Washington asserted similar constitutional and state law claims, and requested a declaration that his rights had been violated, as well as compensatory and punitive damages. (*Id.*, ECF No. 4, at 2). The Court there determined that Washington's claims were largely barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). (Civ. A. No. 13-897, ECF No. 4 at 3-4.) To the extent *Heck* did not bar Washington's Fourth Amendment claims, or his false arrest, false imprisonment, illegal search, and Sixth Amendment coerced confession claims, the Court found that these claims were time-barred, having accrued no later than February 2004, when Washington was arraigned, and nearly ten years prior to the filing of that action. (*Id.* at 5-6) Further, the Court found no basis for tolling the limitations period and noted, in particular, that Washington had filed two petitions seeking habeas corpus relief, one in 2007, later withdrawn, and one in 2009, which belied his claim that he was prevented by circumstances from pursuing a § 1983 claim prior to the filing of the complaint then at issue. (*Id.* at 6-8) The Court dismissed Washington's claims without granting leave to amend. (*Id.* at 9.) The decision was affirmed on appeal, the Court of Appeals finding the appeal frivolous under 28 U.S.C. 1915(e)(2)(B)(i). (Civ. A. No. 13-897, ECF No. 9)

## II.   STANDARD OF REVIEW

Until recently, this Court would have been precluded from addressing a plaintiff's pleadings unless and until he either paid the fees or was granted leave to proceed *in forma pauperis*. *See, e.g.*, *Francis v. State of N.J. Office of Law Guardian*, 289 F. App'x 472, 474 (3d Cir. 2008) (*per curiam*) (explaining that district court erred in addressing complaint before IFP was granted, because the "complaint was not yet subject to dismissal"); *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 458 & n.13 (3d Cir. 1996) (explaining that an action commences when a plaintiff pays the fees or following a determination that the litigant is entitled to *in forma pauperis*).

However, in *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*), the United States Court of Appeals for the Third Circuit announced a "flexible approach" that permits the screening of complaints filed by prisoners pursuant 28 U.S.C. § 1915A even if the prisoner has neither paid the fees nor has been granted *in forma pauperis* status.

Section 1915A requires that the court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id*. § 1915A(b)(1). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As plaintiff is proceeding *pro se*, this Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and internal citation omitted). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487 (emphasis in original). "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). This analysis applies to a conviction based on a guilty plea. *Gilles v. Davis*, 427 F.3d 197, 209 n.8 (3d Cir. 2005) ("[U]nder *Heck*, both a guilty plea and an ARD are sufficient to bar a subsequent § 1983 claim.")

Here, Washington purports to state claims based on alleged constitutional deficiencies in his arrest, interrogation and conviction. However, the complaint suggests, and a review of publicly available state court docket entries confirms, that Washington's convictions have not been reversed or otherwise invalidated. *See Com. v. Washington*, CP-51-CR-0200131-2004 and *Com. v. Washington*, CP 51-CR-0200121-2004 (Washington's related charges were addressed together). Accordingly, those claims are barred by *Heck* because success on them would necessarily imply the invalidity of his convictions, which have not been invalidated.[3] Also, Washington's malicious

---

[3]    This Court notes that Washington asserts that he "challenges procedures leading up to [his] incarceration, not the incarceration itself," and asks that the Court consider the facts alleged before applying *Heck*. (*Id.* at 3.) Washington's assertion is belied by his request for declaratory relief in the form of release from incarceration, and an award of compensatory damages for false imprisonment, neither of which would be available absent invalidation of his current incarceration.

prosecution claim fails because, if his convictions have not been invalidated, he cannot establish favorable termination.  *See Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002); *Cap v. K-Mart Discount Stores, Inc.*, 515 A.2d 52, 53-54 (Pa. Super. 1986).

*Heck*, however, does not necessarily bar Washington's Fourth Amendment claims for false arrest, though it does bar Washington from recovering damages on those particular claims for any injury related to his conviction and imprisonment stemming from the November 4, 2003 events. *See Heck*, 512 U.S. at 487 n. 7 ("[T]he 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual compensable injury, which, we hold, does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)."(citations omitted)).  *Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (observing that "[b]ecause a conviction and sentence may be upheld even in the absence of probable cause for the initial stop and arrest, . . . [plaintiff's] claims for false arrest and false imprisonment are not the type of claims contemplated by the court in Heck which necessarily implicate the validity of a conviction or sentence.").  Though Washington's Fourth Amendment claims related to the November 4, 2003 arrest, the related state law claims, and any claims related to Washington's interrogation are not barred by *Heck*, they fail because they are time-barred.

In § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Pennsylvania, the relevant statute of limitations is two years.  *See* 42 Pa. Cons. Stat. 5524; *see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) ("in actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury . . . [which] is two years . . . [for] due process claims.");  *Reitz v. Cty. of Bucks*, 125 F.3d 139, 143 (3d Cir. 1997) (the two year statute of limitations applicable to claims based on seizure

of property).  The statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which the action is based.  *Sameric*, 142 F.3d at 599.  Here, according to the complaint, the statute of limitations governing Washington's claims began to run in November, 2003, at the time of his arrest and interrogation.  Washington did not file this action until February, 2020–more than 14 years after the applicable limitations period expired.  His claims, therefore, appear to be untimely.

In Pennsylvania, however, the discovery rule may operate to delay the running of the statute of limitations in certain circumstances.  *Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018) ("the discovery rule tolls the statute of limitations where the plaintiff is reasonably unaware that he has been injured and that his injury has been caused by another party's conduct") (citing *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)).  "As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause."  *Fine*, at 859.  "The reasonable diligence standard is objective, as the question is not what the plaintiff actually knew of the injury or its cause, but what he might have known by exercising the diligence required by law."  *Nicolaou*, 195 A.3d at 893, (citations omitted).  However, "the objective reasonable diligence standard is 'sufficiently flexible . . . to take into account the differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question.'"  *Id.* (quoting *Fine*, 870 A.2d at 858).

Whether Pennsylvania's discovery rule applies in a given case is a question of fact.  *Id.* at 894; *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011).  As such, it is properly a question for the jury unless no reasonable juror could find otherwise.  *Fine*, 870 A.2d at 858-59.  "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only

when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

Here, the discovery rule clearly does not apply to toll the running of the statute of limitations. As noted, Washington has previously filed virtually identical claims in this court, claims that were time-barred when asserted nearly 7 years ago. Thus, the claims asserted in the instant action are time-barred and must be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Washington's complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A. Accordingly, his motion for leave to proceed *in forma pauperis* is denied, as moot. Although Washingtond will not be permitted to file an amended complaint in this case, the dismissal of his claims is without prejudice to him filing a new lawsuit in the event his conviction is vacated in the future. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016). An appropriate Order accompanies this Memorandum.

*Nitza I. Quiñones Alejandro*
*Judge, United States District Court*